IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DENISE GARDIPEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) CIVIL ACTION |
| v. | ) |
| | ) No. 20-1001-JWL |
| | ) |
| **ANDREW M. SAUL,** | ) |
| **Commissioner of Social Security,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on a motion for approval of an attorney fee (Doc. 18) (Pl. Mot.) pursuant to the Social Security Act, 42 U.S.C. § 406(b). Plaintiff's motion is GRANTED, approving a fee in the amount of $21,641.13 pursuant to the Social Security Act.

**I.   Background**

Plaintiff filed a Complaint in this court on January 6, 2020 seeking judicial review of a decision of the Commissioner of the Social Security Administration. (Doc 1). The Commissioner answered and on April 27, 2020, Plaintiff filed her Social Security Brief. (Doc. 10). The Commissioner filed a motion to remand the case for further proceedings (Doc. 13) and this court granted the motion and entered judgment on June

25, 2020. (Docs. 14, 15). On remand, the Commissioner issued a fully favorable decision on December 16, 2020. (Pl. Mot., Attach. 3). Plaintiff now seeks award of attorney fees of $21,641.13 pursuant to § 206(b) of the Social Security Act. 42 U.S.C. § 406(b).

## II.     Legal Standard

The Social Security Act provides for the payment of an attorney fee out of the past due benefits awarded to a beneficiary. 42 U.S.C. § 406(b). The court has discretion to approve such a fee. McGraw v. Barnhart, 450 F.3d 493, 497-98 (10th Cir. 2006). However, the court has an affirmative duty to allow only so much of the fee as is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 807-808 (2002); McGraw, 450 F.3d at 498; 42 U.S.C. § 406(b)(1)(A).

> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may,  . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A) (emphases added).

The Supreme Court, in Gisbrect determined that a contingency fee agreement within the twenty-five percent ceiling is allowed by § 406(b) of the Act, and that courts may not use the "lodestar" method to establish a reasonable fee in such a case. Where there is a contingency-fee agreement between plaintiff and his attorney, the court is to

look first to the agreement and then test the agreement for reasonableness. Gisbrecht, 535 U.S. at 807-08. In determining reasonableness, the Court suggested that courts should consider such factors as the character of representation, the results achieved, whether the attorney is responsible for any delay, and whether the benefits are large in comparison to the amount of time counsel spent on the case. Id. 535 U.S. at 808. The Court noted that the comparison of amount of benefits to time spent might be aided by submission of the plaintiff's attorney's billing record and normal hourly billing rate. Id.

The Tenth Circuit has explained the procedure used in applying Gisbrecht. Gordon v. Astrue, 361 F. App'x 933, 935–36 (10th Cir. 2010). It noted that the court is to look first to the fee agreement between the plaintiff and her counsel, and "the statute does require courts to serve 'as an independent check' by 'review[ing] for reasonableness fees yielded by those agreements.'" Id. at 935 (quoting Gisbrecht, 535 U.S. at 807-09). The court noted that the Court provided examples of proper reasons for reducing 406(b) fee requests:

> (1) when "the character of the representation and the results the representative achieved" were substandard; (2) when "the attorney is responsible for delay" that causes disability benefits to accrue "during the pendency of the case in court"; and (3) when "the benefits are large in comparison to the amount of time counsel spent on the case."

Id. (quoting Gisbrecht, 535 U.S. at 808). The court acknowledged six factors recognized by the Seventh Circuit before Gisbrecht was decided as potentially useful when making a 406(b) reasonableness determination—although it merely "assum[ed], without granting, that the district court had some obligation to" consider those factors. Id. (citing McGuire

3

v. Sullivan, 873 F.2d 974, 983 (7th Cir. 1989) ("time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.").   The Tenth Circuit reviews "a district court's award of attorney's fees under § 406(b) for an abuse of discretion, see McGraw v. Barnhart, 450 F.3d 493, 505 (10th Cir.2006), and will reverse only if the district court's decision was 'based on a clearly erroneous finding of fact or an erroneous conclusion of law or manifests a clear error of judgment,'   Id. at 935 (quoting United States v. McComb, 519 F.3d 1049, 1054 (10th Cir. 2007)).

The court notes how courts in this district have performed the analysis in recent years.   Russell v. Astrue, 509 F. App'x 695, 696–97 (10th Cir. 2013) (affirming an award of fees which represented an effective hourly rate of $422.92, midway between counsel's normal hourly rate of $275 and the effective hourly rate of the fee requested—$611); Kotchavar v. Comm'r of Soc. Sec. Admin., Civil Action No. 14-1333-KHV, 2018 WL 6077988, at *3 (D. Kan. Nov. 21, 2018) (awarding fee resulting in effective hourly rate of $400); Tacey v. Berryhill, Civil Action No. 15-9094-KHV, 2018 WL 3757620, at *3 (D. Kan. Aug. 8, 2018) (reducing award to effective hourly rate of $388.50); Williams v. Berryhill, Case No. 15-1255-SAC, 2018 WL 3609753, at *1 (D. Kan. July 27, 2018) (affirming fee request resulting in an effective rate of $286.99 and citing cases approving fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Boyer v. Berryhill, No. 15-1054-SAC, 2018 WL 2971499, at *1 (D. Kan. June 12, 2018) (affirming fee request resulting in an effective rate of $400.07 and citing cases approving

fee awards resulting in effective hourly rates ranging from $258.63 to $432.02); Schoonover v. Colvin, Case No. 12-1469-JAR, 2016 WL 7242512, at *2 (D. Kan. Dec. 15, 2016) (finding the requested effective hourly rate of $511.32 unjustifiably high and reducing award to result in hourly rate of $400); Duff v. Colvin, Case No. 13-CV-02466-DDC, 2016 WL 3917221, at *2 (D. Kan. July 20, 2016) (approving fees that represented an hourly rate of $358.50); Roland v. Colvin, No. 12-2257-SAC, 2014 WL 7363016, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $346.28); Bryant v. Colvin, No. 12-4059-SAC, 2014 WL 7359023, at *1 (D. Kan. Dec. 23, 2014) (approving fees at an effective hourly rate of $418.28); Smith v. Astrue, No. 04-2196-CM, 2008 WL 833490, at *3 (D. Kan. Mar. 26, 2008) (finding an effective hourly rate of $389.61 within the range of hourly rates in similar cases in this district).

### III.     Discussion

Here, Plaintiff's attorney requests a fee award of the full 25 percent of Plaintiff's past due benefits, or $21,641.13.   She included a copy of the contingent fee agreement signed by Plaintiff, in which she agreed to a fee of 25 percent of past due benefits.   (Pl. Mot., Attach. 5).   Counsel submitted a listing of the hours expended in prosecuting this case before this court showing 21.6 hours expended.   Id., Attach. 6.   Counsel does not provide an hourly rate she charges for work which is not contingent and implies that all of her work is contingent—Social Security Disability cases.   (Pl. Mot. 9-10).

Counsel argues that the risk of loss in such cases is high and cites evidence suggesting that, at least in 2001, claimants ultimately prevail only in about 36% of cases

appealed to the federal courts.   (Pl. Mot. 9-10).   Relying on this information, she argues, "an attorney would need to charge a winning client amount [sic] 2.7 times (100 ÷ 36) the fee the attorney would have charged a client paying on a non-contingent basis."   Id. at 10 (citing Vaughn v. Astrue, No. 06-2213-KHV, 2008 WL 4307870, at *2 (D. Kan, Sept. 19, 2008) (which found 2.8 as the reasonable multiplier[1])).

      Counsel recognizes that an award of 25 percent of past due benefits would result in an effective hourly rate of $1,001.90 and argues that when factored by 2.8, in order to reduce it to an equivalent hourly rate of non-contingent work, it is equal to an hourly rate of $357.82 for non-contingent work which is greater than the average attorney rate in Kansas of $244 but less than the rate in Kansas for personal injury attorneys, $368, or labor and employment attorneys, $404.   Id. at 13 (citing the 2017 Kansas Bar Association's Economics of Law Practice in Kansas (Pl. Mot., Attach. 7, pp.16, 18)). Counsel argues that her skill, competence, expertise, and experience support awarding the full 25% of past due benefits in this case.   Id. at 11-13.   She concludes her argument, pointing out both that she will return the EAJA Fee award of $4,428.00 to Plaintiff, thereby reducing Plaintiff's out-of-pocket costs and that she is not responsible for any delay in proceedings before this court.   Id. 13-14.

      The Commissioner submitted a response, taking no position on Plaintiff's motion, but noting the EAJA Fee must be refunded to the plaintiff.   (Doc. 19, p.2).

---

[1] The court notes 100 ÷ 36 = 2.777…   This is the apparent reason the Vaughn court used 2.8 as the multiplier.

The court has considered both the Gisbecht and the McGuire factors and the arguments of counsel for the plaintiff and makes the following findings.   Plaintiff has met her burden to prove that award of the full 25 percent of past due benefits is reasonable in the circumstances present here.   The court notes that counsel achieved a good result for Plaintiff in this case.   This is the first the court remembers that a counsel has provided a pinpoint citation which the court could verify for the assertion claimants have only a 36% chance of winning in Social Security cases.

The court recognizes that the contingent nature of the fee justifies a fee award which is higher than the normal hourly rate charged by practitioners when the claimant prevails in order to encourage practitioners to take such cases, and to allow for cases which are not successful.   The court notes that the information cited by Plaintiff is from 2001 and is likely outdated.   Disability Decision Making: Data and Materials 85 (Soc. Sec. Adv. Bd. 2001) (available online for download at: Disability Decision Making (Chartbook, 1st Edition) | SSAB (last visited March 4, 2021).   For example, in 2004 the remand rate was only 46%, but 67% of remands were subsequently allowed.   Disability Decision Making: Data and Materials 89 (Soc. Sec. Adv. Bd. 2006) (available online for download at: Disability Decision Making: Data and Materials (Chartbook, 2nd edition) | SSAB (last visited March 4, 2021).   In 2009 only 4% of cases were awarded benefits in federal court, 48% were remanded, and "[a] large percentage of cases remanded are subsequently allowed."   Disability Decision Making: Data and Materials 70 (Soc. Sec. Adv. Bd. 2012) (available online for download at: Aspects of Disability Decision

[Making: Data and Materials (Chartbook, 3rd Edition) | SSAB](#) (last visited March 4, 2021).   These facts seem to continue to justify approximately a 36% success rate and a multiplier of 2.8.   While in the appropriate case the court might question counsel's equation of practitioners in Social Security disability practice with personal injury, or labor and employment practitioners as opposed to will, estate, and probate practitioners; elder law practitioners; workers' compensation practitioners; or health and hospital law practitioners who all tend to be paid somewhat less, suffice it to say that in the particular circumstances of this case the court finds award of the full 25% of past due benefits is reasonable.

**IT IS THEREFORE ORDERED** that pursuant to 42 U.S.C. § 406(b) the Commissioner be ordered to pay Plaintiff's counsel the sum of $21,641.13 from Plaintiff's past due benefits.   Because the amount awarded as an attorney fee under the EAJA was less than the amount awarded under the Social Security Act, the EAJA attorney fee award totaling $4,428.00, shall be refunded to plaintiff.

Dated March 4, 2021, at Kansas City, Kansas.

s:/ *John W. Lungstrum*
**John W. Lungstrum**
**United States District Judge**